UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
JOSEPH RUSSELL,

         Petitioner,

    - against -

DAVID ROCK, Superintendent, Great
Meadow Correctional Facility,

         Respondent.
---------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

08-CV-1894 (BMC) (RER)

**COGAN**, District Judge.

  This matter is before the Court on petitioner's § 2254 petition for a writ of habeas corpus. For the reasons set forth below, the Court find petitioner's claims to be without merit and dismisses the petition.

## BACKGROUND

  Petitioner was arrested on August 20, 2002 for allegedly assaulting his girlfriend on August 11 and August 20 of that year. As a result of the injuries his girlfriend sustained on August 11, the globe of her right eye ruptured, necessitating the removal of the eye. Although petitioner's girlfriend originally stated that she injured her eye by falling in the shower, she later told police that petitioner hit her during an argument.

  At petitioner's arraignment on August 21, 2002 in Kings County, his attorney waived his right to testify before a grand jury by declining to serve a grand jury notice. On August 23, 2002, petitioner was indicted by a Queens County grand jury[1] and charged with two counts of first degree assault, attempted first degree assault, and second degree

---

[1] After the arraignment, the Kings County assistant district attorney realized that the August 11, 2002 incident occurred in Queens County, and the case was reassigned.

assault. Petitioner sought to dismiss the indictment pursuant to N.Y. CRIM. P. L. § 190.50, claiming his attorney waived his right to testify before the grand jury without his permission. The court denied this motion because petitioner was present when his attorney stated grand jury notice would not be served.

At trial, the State presented the testimony of petitioner's girlfriend, the arresting officers, the doctor who treated petitioner's girlfriend in the emergency room, and experts in domestic violence and prosthetic eyes. The State also introduced numerous pictures of petitioner's girlfriend's injuries. Petitioner's counsel presented two witnesses: an officer who interviewed petitioner's girlfriend in the hospital (whom she told she fell in the shower), and petitioner, who testified that his girlfriend used cocaine and sustained her injuries in the shower as a result of a cocaine overdose. He further testified that his girlfriend hit *him* on August 20, 2002, after he refused to let her have her drugs.[2]

On May 14, 2003, the jury convicted petitioner of reckless first degree assault and intentional second degree assault, but acquitted him of intentional first degree assault. Petitioner moved to set aside his conviction under N.Y. CRIM. P. L. § 330.30(1); the trial court denied the motion on March 24, 2004. Petitioner also moved at that time to vacate the judgment against him under N.Y. CRIM. P. L. § 440.10, but the trial court did not consider the motion since petitioner had yet to be sentenced. On April 6, 2004, petitioner filed an Article 78 action for a writ of prohibition with the Appellate Division; the Appellate Division denied his application. On May 3, 2004, petitioner was sentenced as a mandatory persistent violent felony offender to concurrent prison terms of twenty years to life, and is currently incarcerated at the Shawangunk Correctional Facility.

---

[2] Other than petitioner's testimony, no evidence presented at his trial supports his contention that his girlfriend used or abused cocaine.

Petitioner appealed his conviction to the Appellate Division on November 30, 2005. On September 14, 2006, the Appellate Division vacated his conviction and sentence for first degree assault, and affirmed his conviction as modified. The Court of Appeals denied petitioner's application for leave to appeal on February 27, 2007. In the interim (on January 4, 2007), petitioner made another motion to vacate the judgment against him under N.Y. CRIM. P. L. § 440.10, which the New York Supreme Court denied on April 5, 2007, and the Appellate Division denied leave to appeal on August 14, 2007. Petitioner timely filed the instant § 2254 petition on April 30, 2008. The Court dismissed the petition on December 19, 2008, but vacated its decision on January 6, 2009 after petitioner alerted the Court that a technical error in an interim Order had confused him as to whether he could file a supplemental reply brief. The Court granted petitioner the opportunity to submit a supplemental reply; petitioner filed his supplemental brief on February 26, 2009.

## DISCUSSION

In his original § 2254 petition, petitioner asserted four grounds for relief: (1) he was not afforded a reasonable opportunity to testify before the grand jury, in violation of his due process rights; (2) he received ineffective assistance of trial counsel; (3) his conviction was the result of prosecutorial misconduct; and (4) his sentencing as a persistent violent felony offender violated his constitutional rights under Apprendi v. New Jersey, 530 U.S. 466 (2000). In his reply brief, petitioner also asserted a purported new claim of actual innocence. Additionally, in petitioner's supplemental reply brief, he has asserted two additional grounds for relief: (1) the trial court's failure to submit first degree reckless assault and second degree intentional assault to the jury in the alternative

deprived him of a fair trial and resulted in an inconsistent verdict; and (2) the evidence was insufficient to prove his guilt of assault in the second degree.[3] The Court will discuss each of these claims in turn.

### 1. Petitioner's grand jury claim is barred from habeas review

First, petitioner claims that his due process rights were violated because his attorney forfeited his right to testify before the grand jury without his consent. As stated in the Court's October 8, 2008 Order, this claim is barred from federal habeas corpus review because there is no federal due process right to a grand jury in a state criminal proceeding. See Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990) (noting that the Fifth Amendment right to indictment by a grand jury was not incorporated by the Due Process Clause of the Fourteenth Amendment and thus does not apply to the states); Burwell v. Superintendent of Fishkill Corr. Facility, No. 06 Civ. 787, 2008 WL 2704319, at *8 (S.D.N.Y. July 10, 2008) ("[P]etitioner charges that he was denied due process because he was not given the opportunity to testify before the state grand jury. This claim fails because there is no federal constitutional right to testify before the grand jury.").

### 2. Petitioner's ineffective assistance of trial counsel claim is meritless

Next, petitioner claims that he received ineffective assistance of trial counsel because counsel (1) waived his right to testify before the grand jury; (2) failed to request a bill of particulars;[4] (3) failed to follow up on discovery demands and ascertain all

---

[3] Petitioner's § 2254 papers and the record indicate that he included the inconsistent verdict claim in his direct appeal in November 2005, and he raised the evidentiary sufficiency claim in his second motion to vacate the judgment in January 2007. However, he did not raise these claims in his § 2254 petition to this Court.

[4] In his § 330.30 motion to set aside the verdict and his Article 78 motion for a writ of prohibition, petitioner alleged that his attorney did not receive a bill of particulars. However, his claim that his attorney

4

relevant materials needed to formulate a defense; and (4) failed to impeach and cross-examine witnesses during trial. In analyzing these assertions, the Court must determine whether the state court's determination on this claim was contrary to, or an unreasonable application of, the ineffective assistance standard set forth in Strickland v. Washington, 466 U.S. 668, 686 (1984). See Williams v. Taylor, 529 U.S. 362, 384-85, 391 (2000). Under Strickland, the appropriate inquiry is whether petitioner had "reasonably effective assistance" of counsel, such that counsel's actions neither (1) fell below an objective standard of reasonableness; nor (2) caused a reasonable probability that the result of the trial would have been different but for counsel's errors. 466 U.S. at 686-95.

The Court finds that the state court's rejection of this claim was neither contrary to, nor an unreasonable application of, the Strickland standard. First, as stated in the Court's October 8, 2008 Order, counsel's failure to secure the right to testify before a state grand jury is not a cognizable ground for an ineffective assistance claim. See, e.g., Davis v. Mantello, 42 Fed. Appx. 488, 491 n.1, 2002 WL 1032698 at *2 n.1 (2d Cir. May 22, 2002) ("New York courts have consistently held that counsel's failure to ensure that the defendant testifies before the grand jury does not amount to ineffective assistance of counsel.").

Additionally, there is no evidence in the record to support petitioner's ineffective assistance claim regarding his counsel's alleged failure to follow up on discovery demands and obtain the relevant materials for his defense. Rather, the record makes clear

---

was deficient in failing to request a bill of particular s was not raised on direct appeal in the state court and is thus unexhausted. Because this claim could have been raised on direct appeal, New York law would treat it as procedurally barred if petitioner tried to raise it in state court now. See N.Y. CRIM. P. L. §§ 440.10(2)(c), (3)(c) (McKinney 1994). This Court would have to concur with that determination unless petitioner could show cause for the failure to appeal, and prejudice or deprivation of a fundamental right. See Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497 (1977)). Petitioner has provided no indication that he could meet these requirements.

that counsel obtained the allegedly unsought documents prior to trial and used them both for cross-examination purposes and to form his own witness list. Petitioner's conclusory allegations regarding his counsel's failure to prepare a defense are insufficient to support an ineffective assistance claim. See, e.g., Hartley v. Senkowski, No. CV-90-0395, 1992 WL 58766, at *2 (E.D.N.Y. Mar. 18, 1992) ("In light of th[e] demanding [Strickland] standard, petitioner's vague and conclusory allegations that counsel did not prepare for trial . . . carry very little weight.").

Likewise, there is no evidence in the record that counsel failed to impeach Jones' credibility regarding her accounts of the events of August 11, 2002, or that counsel failed to obtain a rebuttal medical witness. To the contrary, petitioner's counsel impeached Jones' credibility on this topic and even questioned state witnesses about Jones' allegedly inconsistent stories. Furthermore, the record demonstrates that counsel requested that the court appoint a medical records examiner to assist with trial preparations.

To the extent that petitioner has raised challenges to his counsel's failure to impeach Jones about her alleged drug use and cross-examine her regarding her alleged false reporting of domestic issues, these were reasonable strategic determinations and thus cannot form the basis for an ineffective assistance claim. See, e.g., United States v. Eisen, 974 F.2d 246, 265 (2d Cir. 1992) (noting decisions on cross-examination and impeachment "'fall squarely within the ambit of trial strategy, and, if reasonably made,' cannot support an ineffective assistance claim"); Bloomfield v. Senkowski, No. 02-CV-6738, 2008 WL 2097423, at *9 (E.D.N.Y. May 15, 2008) (recognizing the "significant deference we accord trial counsel's decision on how to conduct cross examination and our refusal to use perfect hindsight to criticize unsuccessful trial strategies") (quoting Eze v.

Senkowski, 321 F.3d 110, 132 (2d Cir. 2003)). Petitioner's ineffective assistance of counsel claim is therefore meritless.

### 3. Petitioner's prosecutorial misconduct claim is meritless

Next, petitioner raises a claim of prosecutorial misconduct based on the State's alleged "presentment of [Jones'] false testimony to the Grand Jury and the trial jury" and its allegedly untimely disclosure of material required by Brady v. Maryland, 373 U.S. 83 (1963). The state court found these claims to be meritless. Thus, this Court's review is limited to whether the state court's determination was contrary to, or an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1); Sellan v. Kuhlman, 261 F.3d 303, 311-12 (2d Cir. 2003) (noting that a state court's adjudication on the merits triggers the deferential standard of review set forth in § 2254(d)(1)).

The state court's adjudication of petitioner's prosecutorial misconduct claims was neither contrary to, nor an unreasonable application of, federal law. To establish a claim for prosecutorial misconduct based on the use of false testimony, petitioner must show "(1) there was false testimony, (2) the [prosecutor] knew or should have known that the testimony was false, and (3) there was 'any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" Thomas v. Kuhlman, 255 F. Supp. 2d 99, 108 (E.D.N.Y. 2003).

Here, petitioner has provided no evidence that Jones' testimony was actually false, let alone that the prosecutor used any false testimony knowingly or deliberately. At best, petitioner has demonstrated that Jones' testimony was inconsistent (he compares Jones' original statements to officers that she had injured herself in the shower with her later statement that petitioner had smacked her and her Grand Jury testimony that

7

petitioner had punched her). However, inconsistencies in testimony are insufficient to establish that the testimony was false. See, e.g., United States v. Monteleone, 257 F.3d 210, 219 (2d Cir. 2001). Moreover, petitioner's defense counsel cross-examined Jones and impeached her credibility during trial with her initial claim that she had injured herself in a fall. Because the jury was confronted with the inconsistencies in Jones' testimony, petitioner has not shown a "reasonable likelihood" that the allegedly false testimony could have affected the jury's judgment. See Moore v. Greiner, No. 02 Civ. 6122, 2005 WL 2665667, at *14 (S.D.N.Y. Oct. 19, 2005).

Additionally, the state court correctly found petitioner's Brady claim meritless. Petitioner's claim appears to be based on the prosecution's failure to provide "medical evidence that would exculpate Petitioner and prove that the victim was injured by a fall in the shower [and] that she overdosed on drugs," and the failure to provide certain police reports until after the start of the trial. However, there is no indication in the record that the claimed exculpatory medical evidence even exists, and thus this evidence cannot form the basis for a Brady claim. E.g., Fink v. Bennett, 514 F. Supp. 2d 383, 390 (N.D.N.Y. 2007) (denying Brady claim where "petitioner has provided nothing short of sheer surmise which suggests that the prosecution ever possessed the [medical] records . . . upon which [petitioner's] Brady claim is based").

Furthermore, disclosure of evidence is not untimely under Brady unless the evidence is provided too late for a defendant to make effective use of the evidence at trial. E.g., United States v. Underwood, No. 04-CR-424, 2005 WL 927012, at *1 (S.D.N.Y. Apr. 21, 2005); see also Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988) (stating that habeas relief is available only if "there is a reasonable probability that,

had the evidence been disclosed to the defense, the result of the proceeding would have been different"). Here, the evidence in the record suggests that the prosecutor was unaware of the police reports until during the trial, but he made immediate disclosure of these items to petitioner's trial counsel once he learned of them, and petitioner's counsel utilized the reports in cross-examining Jones and examining the investigating officer. Thus, petitioner's counsel made use of the material at trial, and there is not a reasonable probability that disclosure of the material any earlier would have changed the outcome of the proceeding. Petitioner's prosecutorial misconduct claim is thus meritless.

### 4. Petitioner's Apprendi claim is meritless

Next, petitioner claims that his sentencing as a persistent violent felony offender violated his constitutional rights under Apprendi v. New Jersey, 530 U.S. 466 (2000). Specifically, petitioner asserts that in determining whether he qualified for a sentence enhancement under New York's mandatory persistent violent felony offender statute, the trial court "engaged in impermissible judicial fact-finding as to [his] criminal history, the timing of his convictions, and tolling provisions of the . . . statute." Because the state court also reached this claim on the merits (and found it meritless), this Court's review is limited to whether that determination was contrary to, or an unreasonable application of, Apprendi or other clearly-established federal law. See Sellan, 261 F.3d at 311-12.

The state court's determination was neither contrary to, nor an unreasonable application of, Apprendi. The record clearly indicates that petitioner was adjudicated a mandatory persistent violent felony offender under N.Y. PENAL L. § 70.08, which relies solely upon the court's finding of qualifying prior convictions to justify an enhanced sentence. See § 70.08 (defining "persistent violent felony offender" as someone who has

"previously been subjected to two or more predicate violent felony convictions"); Quan v. Potter, No. 06-CV-4841, 2007 WL 3223217, at *7 (E.D.N.Y. Oct. 29, 2007). This statute falls squarely within Apprendi's exception for sentence enhancements based solely on prior convictions. See 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury."); Boutte v. Poole, No. 07 Civ. 8412, 2008 WL 3166696, at *3 n.5 (S.D.N.Y. Aug. 4, 2008) (collecting cases rejecting Apprendi challenges to § 70.08).

The sentencing judge did nothing more than consider petitioner's prior convictions to determine whether he qualified for the mandatory sentencing enhancement under § 70.08. This is neither "impermissible judicial fact-finding" nor an Apprendi violation, and this claim for relief is thus meritless.

### 5. Petitioner's purported actual innocence claim is not cognizable

In his first reply brief, petitioner "den[ied] that he argued with and severely beat the victim or caus[ed] the globe of her right eye to rupture," and he further requested that the Court take notice "that he is alleging actual and factual innocence." (Reply Br. ¶¶ 4, 54.) Although petitioner has purported to raise an actual innocence claim, "actual innocence" itself is not a free-standing cognizable ground for habeas relief. Rather, it is an equitable tolling means for allowing petitioners to raise otherwise-defaulted claims in the interest of correcting a "fundamentally unjust incarceration." Hamilton v. Miller, 292 F. Supp. 2d 437, 452 (E.D.N.Y. 2003) (citing Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853 (1993) ("[C]laims of actual innocence . . . have never been held to state a

ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.")).

Even if the Court could consider petitioner's actual innocence assertion as a free-standing claim, such a claim requires petitioner to support his actual innocence allegations "with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851 (1995). Petitioner has set forth no new evidence in support of his "actual and factual innocence" – he has instead merely restated portions of his ineffective assistance of trial counsel claim. The Court therefore finds that this claim is improperly raised and, in any event, is meritless.

### 6. The claims raised in petitioner's supplemental reply brief are time-barred and otherwise meritless

In his supplemental reply brief, petitioner has asserted that he was denied his right to a fair trial by the trial court's failure to charge reckless first degree assault and intentional second degree assault in the alternative, as this resulted in an inconsistent verdict. He has also claimed that the evidence was legally insufficient to support his conviction for intentional second degree assault because his girlfriend testified at trial that "petitioner punched her twenty time[s] all over her body and she stated that oh my eye something is wrong, and petitioner stop[ped] and was remorseful and [drove] her to the hospital." According to petitioner, this testimony at best described reckless assault that caused serious physical injury.

Although the Court ordinarily does not consider claims raised for the first time in a reply brief, see, e.g., Verdel v. Cunningham, No. 07 Civ. 837, 2008 WL 2755833, at *7 n.1 (S.D.N.Y. July 14, 2008), the Court will consider petitioner's additional claims because the Court gave respondent the opportunity to fully respond to petitioner's new

11

arguments, and respondent has filed a sur-reply. However, after reviewing the parties' submissions, the Court agrees with respondent that these new claims are untimely.

Under AEDPA's one-year statute of limitations, petitioner had one year from the date his conviction became final to file his habeas corpus petition. See 28 U.S.C. § 2244(d)(1). A conviction is final when either the Supreme Court denies certiorari on direct appeal or the time for seeking this review expires. E.g., Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). Although this one-year period is tolled during the pendency of post-conviction review in state court, the filing of a federal § 2254 petition does not toll the statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181-82, 121 S.Ct. 2120 (2001). Thus, petitioner had until November 14, 2008 – one year and ninety days after the Appellate Division denied leave to appeal – to timely submit all of his claims. Petitioner's original claims were timely filed within this period, on April 30, 2008. However, because the filing of his § 2254 petition did not toll stop the one-year clock, the claims petitioner has included in his February 23, 2009 supplemental reply brief are untimely by over three months.[5]

The Court further finds that petitioner would not be able to move to amend his § 2254 petition under Fed. R. Civ. P. 15(c) in an attempt to render these claims timely. Under Rule 15(c)(2), which governs a motion to amend, a petitioner may only add untimely-asserted claims if they relate back to the original petition. See Mayle v. Felix, 545 U.S. 644, 654-55, 125 S.Ct. 2562 (2005); Fama v. Comm'r of Correctional Servs., 235 F.3d 804, 815-16 (2d Cir. 2000). Relation back requires that the new claims arise

---

[5] Furthermore, the Court notes that both of these claims were raised on direct review and thus known to petitioner at the time he filed his § 2254 petition. Indeed, petitioner even listed the inconsistent verdict claim in the papers supporting his petition as a claim presented to the Appellate Division, yet he failed to assert it formally as a ground for habeas corpus relief before this Court.

from "the same core facts as the timely filed claims" and not differ from those claims in time or type. Mayle, 545 U.S. at 657. Amendment is not allowed simply because the new claim arose from "the same trial, conviction, or sentence" as the timely-filed claim. Id. at 664. Here, petitioner's new claims do not arise from the same core set of facts as any of his original claims; rather, he has attempted to assert two new errors resulting in his conviction. Because neither the trial judge's alleged failure to properly charge the jury nor the claimed insufficiency of the evidence relate back to the original claims in his § 2254 petition, the Court would deny a motion to amend.

Even assuming that petitioner had timely asserted these additional grounds for relief, the Court would find them meritless. First, petitioner's claim that the trial judge failed to charge first degree assault and second degree assault in the alternative was mooted when the Appellate Division vacated his conviction and sentence for first degree assault. See Delgado v. Duncan, 02-CV-4929, 2003 WL 23185682, at *5 (E.D.N.Y. Nov. 4, 2003). Moreover, a challenge to a state jury charge is not cognizable on federal habeas corpus review unless the instruction is erroneous and has "so infected the entire trial that the resulting conviction violates due process." Rosario v. Burge, 542 F. Supp. 2d 328, 337 (S.D.N.Y. 2008) (quoting Blazic v. Henderson, 900 F.2d 534, 541 (2d Cir. 1990)). Because New York law is clear that a conviction for first degree assault is not inconsistent with a conviction for second degree assault, see, e.g., Suarez v. Byrne, 10 N.Y.3d 523, 540-41, 860 N.Y.S.2d 439 (2008) (stating a defendant can recklessly cause a risk of death while intentionally inflicting serious physical injury); People v. Carter, 21 A.D.3d 1295, 1296, 801 N.Y.S.2d 464 (4th Dep't 2005) (same), the jury instruction was

not erroneous, and petitioner's resulting conviction was not a violation of his due process rights.

Petitioner's challenge to the sufficiency of the evidence is also meritless. As noted above, petitioner originally raised this argument in his § 440.10 motion to vacate the judgment against him. The state court denied petitioner's motion under N.Y. CRIM. P. L. § 440.30(4)(b), finding that petitioner had failed to support his argument with "sworn allegations substantiating or tending to substantiate all the essential facts." Because it is unclear whether § 440.30(4)(b) is a substantive or procedural basis for rejecting a claim,[6] the Court has analyzed the merits of petitioner's argument and finds this claim meritless. See Jones v. Spitzer, No. 01 Civ. 9754, 2003 WL 1563780, at *46 (S.D.N.Y. Mar. 26, 2003).

A habeas petitioner is only entitled to relief on a sufficiency of the evidence claim if the record demonstrates that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Wilson v. Senkowski, No. 02 Civ. 0231, 2003 WL 21031975, at *9 (S.D.N.Y. May 7, 2003) (quoting Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781 (1979)). The testimony at trial established that petitioner beat his girlfriend without stopping over her repeated protests until she eventually screamed that something was wrong. A rational trier of fact could have found that this testimony established that petitioner hit his girlfriend with the intent to cause her serious physical injury, as is required for a conviction for intentional second-degree assault under N.Y. PENAL L. § 120.05(1). Furthermore, to the extent that petitioner has raised a credibility

---

[6] Compare Lou v. Mantello, 98-CV-5542, 2001 WL 1152817, at *9 n.9 (E.D.N.Y. Sept. 25, 2001) (holding § 440.30(b) is merits-based and thus does not create a procedural bar to review), with Roberts v. Scully, 875 F. Supp. 182, 193 n.7 (S.D.N.Y.), aff'd, 71 F.3d 406 (2d Cir. 1995) (holding § 440.30 is procedural and does give rise to a procedural bar).

challenge to his girlfriend's testimony, this is a weight of the evidence challenge that is not cognizable on federal habeas corpus review. E.g., Wilson, 2003 WL 21031975, at *8 (collecting cases stating that weight of the evidence is a state law issue); see also Williams v. McCoy, 7 F. Supp. 2d 214, 221 (E.D.N.Y. 1998) (stating habeas court must defer to trial jury's credibility determinations).

## CONCLUSION

For the reasons stated above, petitioner's habeas corpus petition is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253. Further, I certify that any appeal from this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a); Coppedge v. U.S., 369 U.S. 438, 444, 82 S.Ct. 917 (1962).

**The Clerk of the Court is directed to mail a copy of this Order to petitioner** *pro se*.
**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

Dated: Brooklyn, New York
April 13, 2009